The judgment of the court was pronounced by
Preston, J.
On the trial of this cause the plaintiff’s counsel tendered a bill of exceptions to the charge of the court to the jux-y, which the judge refused to sign. The following is the bill of exceptions, and the reasons of the judge for not signing the same :
“ Be it remembered, that on the trial of this case, the plaintiff, by his counsel, excepted to the charge delivered by the honorable the judge presiding to the jury, on the gx-ound that they conceived the said charge taken together to be an argument on the facts and law of the case, and requested the judge presiding to reduce the whole of his said charge to writing, in order that the Supreme Court might judge of said objection ; and the plaintiff further objected to said charge on the ground that the judge presiding had not abstained from recapitulating the facts of the case, so as not to influence the decision of the jury, but alluded to several facts detailed in the testimony, which allusion, in the opinion of the plaintiff, had some influence with the jury in making their decision, and requested the court to reduce its whole charge to writing, in order that the Supreme Court might judge as to this objection as of the other; but the honorable the judge presiding refused to reduce the whole of said charge to writing, on the ground that the said charge contained no arguments on the facts of the case, and the judge presiding had not alluded to the facts in the case, so far as to influence the jury in their decision, but had only alluded to one or two facts for the purpose of illustrating his views of the law; and the said judge offered to charge the jury on any point requested by the parties, and did charge them upon every point upon which he had been l-equested to chai-ge, and further stated to the jury that it was the duty of the court to abstain from all comments on the facts of the case.
“To which refusal of the judge px-esidingto reducé the whole of his said chai-ge to writing as requested, the plaintiff by his counsel excepts, and prays the court to sign this his bill of exceptions before judgment, and it is signed accordingly, this 26th day of May, 1849. The facts alluded to in this bill of exceptions are fully set fox-th in bills of exceptions to thé opinion of the court in this case, and no other facts were alluded to.”
The articles 516 and 517 C. P. prescribe that: “ In his chax-ge the judge must limit himself to giving the jury a knowledge of the laws applicable to the cause submitted to them, and he shall abstain from saying anything about the facts, or even recapitulating them so as to exercise any influence on their decision in this respect.” Art. 516. “ If when the judge shall have finished his charge to the jury, one of the parties believe that the judge has mistaken the law which he has stated to the jury, or in the application which he has made of it, he may require the judge to give his opinion in writing touching this mattex, and on his *610 refusal he may take an exception in the manner and form heretofore set forth.” 517.
The 8th section of the act approved the 25th of March, 1831, prescribes that “in all cases appealable to the Supreme Court, it shall be the duty of the judge to deliver his charge to the jury in writing, if the counsel of either party require the same.” Bullard and Cuiry, 525.
The counsel of the plaintiff was of opinion, that tlxe judge in his charge spoke of and recapitulated facts in the case so as to have exercised an influence upon the decision of the jury. The judge is of opinion that he did not do so, but only alluded to the facts so far as it was necessary to explain the law to the jury, which was his undoubted right and duty. Still, we think, that the judge should, as directed by the act of 1831, have reduced his charge to writing, and have signed the bill of exceptions to it, so as to have enabled us to judge in this diversity of opinion.
If it were cleax-, as the district judge thinks, that the plaintiff has no cause of action, we would not remand the cause because his charge was not reduced to wi’iting and the bill of exceptions signed ; but we are not prepared as at present advised, so to decide.
It is therefore ordered and adjudged, that the judgment in this case be reversed, and that the cause be remanded for a new trial; and it is decreed, that the appellees pay the costs of appeal.